UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v.  Case Nos.:  3:09cr38/LAC/CJK
             3:16cv574/LAC/CJK

JOSE AURELIANO ZAVALA,

    Defendant.
_____/

### REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion under 28 U.S.C. § 2255 and Amendment 794 of the Sentencing Guidelines to vacate, set aside, or correct sentence by a person in federal custody.  (ECF No. 135).  Amendment 794 does not provide an independent jurisdictional basis for relief.  Thus Defendant's request for relief is properly considered under the Rules Governing Section 2255 Proceedings.  Rule 4(b) of these rules provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  After a review of the record, the undersigned has determined the motion is untimely and should be summarily dismissed.

Case Nos.: 3:09cr38/LAC/CJK; 3:16cv574/LAC/CJK

## BACKGROUND and ANALYSIS

In 2009, Defendant Jose Aureliano Zavala entered a guilty plea as to two drug offenses. (ECF No. 72). On September 11, 2009, he was sentenced to a term of 240 months on one count and 151 months on the second count, to run concurrently. (ECF Nos. 93, 94). Defendant did not appeal his conviction.[1] He also did not file a postconviction motion pursuant to § 2255 until October 24, 2016, when he filed the instant motion arguing that he is entitled to sentencing relief under Amendment 794 of United States Sentencing Guideline § 3B1.1 based on his claimed minor role in the drug offenses resulting in his convictions.

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] In 2014, Defendant filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2), and in 2015, Defendant filed a motion for a reduction of his sentence under Amendment 782. (ECF Nos. 106, 107). Both of these motions were denied. (ECF No. 113).
Case Nos.: 3:09cr38/LAC/CJK; 3:16cv574/LAC/CJK

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Because Defendant did not appeal, his judgment of conviction became final on the date on which his time for doing so expired, that is, fourteen days from the entry of judgment in this case. *See* Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. App. P. 26(a); *see Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000); *Ramirez v. United States*, 146 F. App'x 325 (11th Cir. 2005). Defendant's judgment of conviction became final on September 25, 2009. In order to have been timely filed, the § 2255 motion had to be filed no later than one year from that date, or by September 25, 2010. Therefore, Defendant's motion dated October 17, 2016, and received by the clerk on October 24, 2016, is facially untimely.

Unless Defendant can establish his entitlement to equitable tolling, the motion is time-barred. *Jones v. United States*, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000)). Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). Otherwise stated, "a litigant

Case Nos.: 3:09cr38/LAC/CJK; 3:16cv574/LAC/CJK

seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted); *Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir. 2012). It only applies in "truly extraordinary circumstances." *Johnson*, 340 F.3d at 1226 (citing *Jones*, 304 F.3d at 1039–40; *Drew*, 297 F.3d at 1286). The onus is on the moving defendant to show that he is entitled to this extraordinary relief. *Johnson*, 340 F.3d at 1226, *Jones,* 304 F.3d at 1040. The court will not relieve a petitioner who sits upon his rights. *United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing *Coleman v. Johnson*, 184 F.3d 398, 402-03 (5th Cir. 1999)).

Here, Defendant does not provide any reason to the court for his failure to file his motion for postconviction relief in a timely manner. The November 2015 Amendment 794 did not make any substantive changes to U.S.S.G. § 3B1.1. Rather, it merely "clarified the factors to consider for a minor role adjustment." *United States v. Cruickshank*, 837 F.3d 1182, 1194 (11th Cir. 2016). Under Section 1B1.10(a)(2)(A), an amendment to the Sentencing Guidelines is not applied retroactively unless it is listed in Section 1B1.10(d). The Sentencing Commission has not added Amendment 794 to its list of retroactive amendments, and thus it may not be applied retroactively on collateral review. *See, e.g., United States v. Tapia*,

Case Nos.: 3:09cr38/LAC/CJK; 3:16cv574/LAC/CJK

Case Nos.: 8:14-cr-30-T-23TBM, 8:16-cv-2296-T-23TBM; 2016 WL 4815150 (M.D. Fla. Sept. 14, 2016); *Marks v. United States*, Case Nos: 16-00455-CG, 14-00054-CG-N-3, 2017 WL 874572 (S.D. Ala. Jan. 31, 2017); *Davis v. United States*, Case Nos. 16-23524-CIV-GAYLES (15-20131-CR-GAYLES), 2016 WL 6998743 at *6 (S.D. Fla. Nov. 8, 2016), *adopted as modified*, *Davis v. United States*, Case No. 16-cv-23524-GAYLES/WHITE, 2016 WL 6995567 (S.D. Fla. Nov. 30, 2016). The court should summarily dismiss Defendant's motion as untimely.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (ECF No. 135) be summarily **DENIED and DISMISSED** as untimely.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 15th day of March, 2017.

                       */s/ Charles J. Kahn, Jr.*
                       **CHARLES J. KAHN, JR.**
                       **UNITED STATES MAGISTRATE JUDGE**

Case Nos.: 3:09cr38/LAC/CJK; 3:16cv574/LAC/CJK

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:09cr38/LAC/CJK; 3:16cv574/LAC/CJK